UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CARMEN D. PULLENS, | : | Case No. 1:05-cv-27 |
| Plaintiff, | : | Beckwith, C.J.<br>Black, M.J. |
| vs. | : | |
| MILFORD BOARD OF EDUCATION, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT MILFORD BOARD OF EDUCATION'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT (Doc. 12) BE GRANTED; AND (2) THIS CASE BE CLOSED**

Plaintiff Carmen D. Pullens initiated this employment discrimination action by filing a *pro se* complaint against defendant Milford Board of Education, her former employer. Plaintiff alleges that her employment as a school bus driver was terminated as a result of wrongful discrimination based on race and sex and in retaliation for her complaints that her children received discriminatory treatment at the school. (*See* Doc. 2.)

On August 31, 2005, defendant filed a motion for summary judgment, to which plaintiff did not respond. (Doc. 12.)

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

On October 4, 2005, an Order was issued directing plaintiff to show cause in writing within fifteen days of the date of the Order why the motion for summary judgment should not be construed as unopposed and granted. (Doc. 14.) Plaintiff has not responded to the Order to Show Cause although more than fifteen days have passed since the entry of the Order.

Plaintiff's failure to respond to either the motion for summary judgment or the order to show cause warrants granting defendant's motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Stough v. Mayville Cmty. Schs.,* 138 F.3d 612, 614 (6th Cir. 1998) (quoting *Carver v. Bunch,* 946 F.2d 451, 455 (6th Cir. 1991)).

## I. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action. *Celotex,* 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

When the moving party files a motion for summary judgment, the nonmoving party cannot "rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The Federal Rules of Civil Procedure require that the nonmoving party produce some evidence in support of its allegations supporting its claims, by affidavits or as otherwise provided in the rule. Fed. R. Civ. P. 56(e). If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. *Id.*; *see also Anderson,* 477 U.S. at 248-49; *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, *reh'g denied,* 393 U.S. 901 (1968). When a motion for summary judgment goes unopposed, the district court may properly rely upon the facts provided by the moving party. *See Guarino v. Brookfield Twp. Trs.,* 980 F.2d 399, 404-05 (6th Cir. 1992).

## II.  UNDISPUTED FACTS

In the unopposed motion for summary judgment, defendant relies on plaintiff's own sworn statements made during her deposition and the deposition exhibits to establish the following undisputed facts:

1. Plaintiff, an African-American, was previously employed by defendant as a school bus driver. (Deposition of Carmen Pullens ("Pullens Dep."), Ex. A.)

2. Pursuant to a collective bargaining agreement between defendant and the Milford Classified Employees Association, of which plaintiff was a member, she was subject to random drug and alcohol testing. (*Id.* at Ex. C.)

3. On April 12, 2004, plaintiff was selected for random testing. (Pullens Dep. at p. 17.)

4. When she was unable to urinate after thirty minutes, she was taken to Bethesda Care in Eastgate for observation and additional efforts to urinate. (*Id.* at pp. 18-20.)

5. After an hour of observation and a continued inability to provide a urine sample, plaintiff stated that she needed to leave Bethesda Care to take her son to afternoon kindergarten. (*Id.* at pp. 19-20.)

6. Plaintiff was advised that if she left it would be deemed a refusal, which she knew would subject her to disciplinary action, including termination. (*Id.* at 21-22.)

7. Plaintiff left Bethesda Care without completing the random drug test. (*Id.* at 21.)

8. Following a disciplinary hearing on April 20, 2004, the Superintendent recommended that plaintiff's employment be terminated. (*Id.* at p. 26.)

9. On May 4, 2004, defendant Board of Education voted to accept the recommendation and terminated plaintiff's employment. (*Id.* at Ex. E.)

### III. DISCUSSION

To prevail on her claim of racial discrimination, plaintiff must first demonstrate a *prima facie* case by submitting evidence that: (1) she is part of a protected class; (2) she was qualified for the job that she held during the time in question; (3) she suffered an adverse employment action; and (4) she was treated differently than similarly-situated individuals who were not members of her protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-04 (1973); *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1166 (6th Cir. 1996).

If plaintiff establishes a *prima facie* case, defendant may rebut her claim by

introducing evidence of a legitimate nondiscriminatory reason for its actions. *McDonnell Douglas*, 411 U.S. at 803; *see also Texas Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981). If defendant presents such evidence and if it is accepted as true, then the Court can conclude that a nondiscriminatory reason existed. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993). Once defendant makes this showing, then the burden shifts back to plaintiff to demonstrate that defendant's stated reason is merely a pretext for discrimination. *See Burdine*, 450 U.S. at 256.

In order to establish a *prima facie* case of retaliation, plaintiff must show that: (1) she engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took an adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor, and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Morris v. Oldham Cty. Fiscal Ct.*, 201 F.3d 784, 792 (6th Cir. 2000).

Plaintiff cannot make a *prima facie* showing of discrimination because she has presented no evidence to show that she was qualified for her position or that she was treated differently than similarly-situated individuals who were not members of her protected class. Even if she could make a *prima facie* showing of discrimination, she cannot prevail because defendant has articulated a legitimate and non-discriminatory reason for the termination and plaintiff has failed to demonstrate that such reason was pretextual.

Plaintiff's claim of retaliation fails because she has not submitted any evidence to show that she engaged in a protected activity.

Moreover, as a general rule, a plaintiff's Title VII case must be limited to "the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigel v. Baptist Hosp.*, 302 F.3d 367, 380 (6th Cir. 2002). Because plaintiff did not allege retaliation in her charge to the EEOC (*see* Pullens Dep., Ex. F), her claim is not properly before the Court.

### IV. CONCLUSION

For the reasons stated, **IT IS THEREFORE RECOMMENDED THAT** defendant's unopposed motion for summary judgment (Doc. 12) be **GRANTED**, and this case be **TERMINATED UPON THE DOCKET**.


Date:   11/02/05                           s/Timothy S. Black
                                           Timothy S. Black
                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CARMEN D. PULLENS, | : | Case No. 1:05-cv-27 |
| Plaintiff, | : | Beckwith, C.J. |
| | | Black, M.J. |
| vs. | : | |
| MILFORD BOARD OF EDUCATION, | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **FIFTEEN DAYS** after the date this Report and Recommendation is stamped "filed" by the Clerk of Court. This period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).